UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| **LEON H. RIDEOUT,** <br> **ANDREW LANGLOIS, and** <br> **BRANDON D. ROSS** <br><br> Plaintiffs, <br><br> v. <br><br> **WILLIAM M. GARDNER**, Secretary of State in his official capacity, <br><br> Defendant. | Civil Case No. 1:14-CV-00489-PB |

## ANSWER

NOW COMES the Defendant, William M. Gardner in his official capacity as Secretary of State, by and through his counsel, the Office of the Attorney General, and submit the following answer to Plaintiff's complaint:

1. This paragraph contains purely legal conclusions for which no response is required.

2. Admitted in that RSA 659:35, I, prohibits a voter from allowing his or her ballot to be seen by any person with the intention of letting it be known how he or she is about to vote or how he or she has voted except as provided in RSA 659:20 and that his prohibition includes taking a digital image or photograph of his or her marked ballot and distributing or sharing the image via social media or by any other means. The remainder of the paragraph contains legal conclusions for which no response is required. To the extent facts are alleged, they are denied.

3. Admitted in that a breach of RSA 659:35, I, is a violation level offense punishable by a fine up to $1,000. The remainder of the paragraph contains legal

1

conclusions for which no response is required. To the extent facts are alleged, they are denied.

4. Admitted in that the New Hampshire Attorney General's Office (AG's Office) has open investigations with regard to the alleged conduct of Plaintiffs Langlois and Rideout and that the AG's Office has jurisdiction to enforce the laws of New Hampshire. The remainder of the paragraph contains legal conclusions for which no response is required. To the extent facts are alleged, they are denied.

5. Admitted in that voting is an act of extraordinary importance. The remainder of the paragraph contains legal conclusions for which no response is required. To the extent facts are alleged, they are denied.

6. The paragraph contains legal conclusions for which no response is required.

## THE PARTIES

7. Admitted in that records indicate that Leon H. Rideout resides in Lancaster, New Hampshire and that he is a member of the New Hampshire House of Representatives, representing Coos County District 7, who was reelected in the 2014 General Election. Defendant lacks sufficient knowledge to affirm or deny the remaining allegations contained in the paragraph, therefore they are denied.

8. Defendant lacks sufficient knowledge to affirm or deny the allegations in this paragraph, therefore they are denied.

9. Admitted in that it is believed that Brandon D. Ross resides and practices law in Manchester, New Hampshire. It is likewise admitted that he ran for one of the two seats in the New Hampshire House of Representatives, representing Hillsborough County

District 42, which is made up of Manchester Wards 1-3. Defendant lacks sufficient knowledge to affirm or deny the remaining allegations contained in the paragraph, therefore they are denied.

10. Admitted.

11. Admitted.

## JURISDICTION AND VENUE

12. This paragraph contains Plaintiff's characterization of this lawsuit and legal conclusions regarding jurisdiction for which no response is required.

13. This paragraph contains legal conclusions for which no response is required.

14. This paragraph contains legal conclusions regarding venue for which no response is required.

## FACTS

15. Admitted.

16. Admitted.

17. The legislative history of House Bill 366 speaks for itself, and as such, no affirmative answer is required. To the extent Paragraph 17 contains allegations that are not in the legislative history, the allegations are denied.

18. The legislative history of House Bill 366 speaks for itself, and as such, no affirmative answer is required. To the extent Paragraph 18 contains allegations that are not in the legislative history, the allegations are denied.[1]

---

[1] By way of further answer, HB 366, as introduced by the bill's sponsor included the language "[n]o voter shall take a digital image of his or her marked ballot and distribute the image using social media."

19. The legislative history of House Bill 366 speaks for itself, and as such, no affirmative answer is required. To the extent Paragraph 19 contains allegations that are not in the legislative history, the allegations are denied.

20. The legislative history of House Bill 366 speaks for itself, and as such, no affirmative answer is required. To the extent Paragraph 20 contains allegations that are not in the legislative history, the allegations are denied.

21. The legislative history of House Bill 366 speaks for itself, and as such, no affirmative answer is required. To the extent Paragraph 21 contains allegations that are not in the legislative history, the allegations are denied.

22. The legislative history of House Bill 366 speaks for itself, and as such, no affirmative answer is required. To the extent Paragraph 22 contains allegations that are not in the legislative history, the allegations are denied.

23. Admitted

24. Admitted to the extent that the purported governmental interest behind the law is to address vote buying and voter coercion. Admitted to the extent Deputy Secretary of State David Scanlan provided testimony on HB 366 before the Senate Public and Municipal Affairs Committee but denied the Plaintiff's characterization of the testimony. The legislative history of House Bill 366 speaks for itself, and as such, no affirmative answer is required. Admitted to the extent Deputy Secretary of State David Scanlan gave a statement to the *New Hampshire Union Leader* after the September 9, 2014 State Primary Election. The *New Hampshire Union Leader* article speaks for itself, and as such, no affirmative answer is required.

25. The legislative history of House Bill 366 speaks for itself, and as such, no affirmative answer is required. To the extent Paragraph 25 contains allegations that are not in the legislative history, the allegations are denied.

26. The legislative history of House Bill 366 speaks for itself, and as such, no affirmative answer is required. To the extent Paragraph 26 contains allegations that are not in the legislative history, the allegations are denied.

27. The legislative history of House Bill 366 speaks for itself, and as such, no affirmative answer is required. To the extent Paragraph 27 contains allegations that are not in the legislative history, the allegations are denied.

28. Admitted to the extent that on September 22, 2014, the NHCLU submitted Right-to-Know records requests to both the Secretary of State's Office and the Office of the Attorney General concerning (i) HB 366, (ii) enforcement of RSA 659:35(I) since its enactment on September 1, 2014, (iii) enforcement of RSA 659:35(I) between January 1, 2007 and August 31, 2014, and (iv) enforcement of RSA 659:40(I-II) (which criminalizes vote bribery and voter coercion) from January 1, 2007 to the present. The documents responsive to that request speak for themselves, and as such, no affirmative answer is required. To the extent Paragraph 28 contains allegations that are not supported by the documents responsive to that request, the allegations are denied.

29. Admitted to the extent the Secretary of State is aware that the Attorney General's Office is investigating reported violations of RSA 659:35, I. The Secretary of State is unaware of the specifics details involved in these investigations therefore lacks sufficient knowledge to affirm or deny the remaining allegations, as such they are denied.

30. Admitted in that Leon H. Rideout is a member of the New Hampshire House of Representatives, representing Coos County District 7.

31. The first two sentences of this paragraph contain legal conclusions for which no response is required. Defendants lack sufficient knowledge to affirm or deny the source of the image contained in this paragraph, therefore it is denied. The *Nashua Telegraph* article mentioned in this paragraph speaks for itself, and as such, no affirmative answer is required.

32. Regarding allegations concerning statements made by Representative Rideout to the *Nashua Telegraph*, the article speaks for itself, and as such, no affirmative answer is required. Admitted to the extent the Secretary of State is aware that the Attorney General's Office is investigating reported violations of RSA 659:35, I. The Secretary of State is unaware of the specifics details involved in these investigations therefore lacks sufficient knowledge to affirm or deny the remaining allegations, as such they are denied.

33. The Secretary of State lacks sufficient knowledge to affirm or deny the allegations contained in this paragraph, therefore they are denied.

34. Admitted to the extent the Secretary of State is aware that the Attorney General's Office is investigating reported violations of RSA 659:35, I. The Secretary of State is unaware of the specifics details involved in these investigations, therefore lacks sufficient knowledge to affirm or deny the remaining allegations, as such they are denied.

35. The first two sentences of this paragraph contain legal conclusions for which no response is required. Defendants lack sufficient knowledge to affirm or deny the content of the image contained in this paragraph, therefore it is denied.

36. Admitted to the extent the Secretary of State is aware that the Attorney General's Office is investigating reported violations of RSA 659:35, I. The Secretary of State is unaware of the specifics details involved in these investigations, therefore lacks sufficient knowledge to affirm or deny the remaining allegations, as such they are denied.

37. The Secretary of State lacks sufficient knowledge to affirm or deny the allegations contained in this paragraph, therefore they are denied.

38. Admitted in that Brandon D. Ross was a candidate for one of the two seats in the New Hampshire House of Representatives, representing Hillsborough County District 42, which is made up of Manchester Wards 1-3. Defendant lacks sufficient knowledge to affirm or deny the remaining allegations contained in this paragraph, therefore they are denied.

39. Defendant lacks sufficient knowledge to affirm or deny the remaining allegations contained in this paragraph, therefore they are denied.

40. The first two sentences of this paragraph contain legal conclusions for which no response is required. Defendants lack sufficient knowledge to affirm or deny the content and source of the image contained in this paragraph, therefore these allegations are denied.

41. The second and last sentence of the paragraph is denied. Defendant lacks sufficient knowledge to affirm or deny the remaining allegations contained in this paragraph, therefore they are denied. To the extent this paragraph contains legal conclusions, no response is required.

42. This paragraph contains legal conclusions for which no response is required.

43. This paragraph contains legal conclusions for which no response is required.

44. This paragraph contains legal conclusions for which no response is required.

45. This paragraph contains legal conclusions for which no response is required. To the extent that this paragraph contains allegation concerning the legislative history of House Bill 366, the legislative history speaks for itself, and as such, no affirmative answer is required.

46. This paragraph contains legal conclusions for which no response is required. To the extent that it contains factual assertions they are denied.

47. This paragraph contains legal conclusions for which no response is required.

48. This paragraph contains legal conclusions for which no response is required. To the extent that it contains factual assertions they are denied.

49. This paragraph contains legal conclusions for which no response is required.

50. This paragraph contains legal conclusions for which no response is required.

51. This paragraph contains legal conclusions for which no response is required.

52. This paragraph contains legal conclusions for which no response is required.

53. This paragraph contains legal conclusions for which no response is required.

54. This paragraph contains legal conclusions for which no response is required. To the extent that it contains factual assertions, the Defendants lack sufficient knowledge to affirm or deny them, therefore they are denied.

55. This paragraph contains legal conclusions for which no response is required. To the extent that it contains factual assertions, the Defendants lack sufficient knowledge to affirm or deny them, therefore they are denied.

56. This paragraph contains legal conclusions for which no response is required.

## CLAIMS FOR RELIEF

57. Defendant restates and incorporates herein the answers contained in the proceeding paragraphs.

58. This paragraph contains legal conclusions for which no response is required.

59. This paragraph contains legal conclusions for which no response is required.

60. This paragraph contains legal conclusions for which no response is required.

61. This paragraph contains legal conclusions for which no response is required.

62. This paragraph contains legal conclusions for which no response is required.

63. This paragraph contains legal conclusions for which no response is required.

64. This paragraph contains legal conclusions for which no response is required.

65. This paragraph contains legal conclusions for which no response is required.

The remaining paragraphs constitute a prayer for relief for which no response is required. To the extent a response is deemed required, the Defendant denies that the Plaintiffs are entitled to the relief requested, or to any relief whatsoever.

## **DEFENDANTS' ADDITIONAL DEFENSES**

AND IN FURTHER ANSWER and by way of affirmative defense, Defendants state as follows:

A. Plaintiff's Complaint fails to state a claim for which relief can be granted;

B. Defendant is entitled to and asserts all applicable immunities, including but not limited to sovereign immunity, qualified immunity, discretionary function immunity, official immunity, and 11th Amendment immunity, absolute judicial immunity, and quasi-judicial immunity;

C. Plaintiff's claims are barred in whole or in part by the doctrine of release, waiver and estoppel;

D. Plaintiff's claims are barred in whole or in part by the doctrine of res judicata and collateral estoppel;

E. Plaintiff's claims are barred in whole or in part by the statute of limitations, and the doctrine of laches;

F. Plaintiff's claims are nonjusticiable;

G. As discovery has not yet commenced, Defendants reserve the right to amend this Answer as appropriate during and following discovery.

Respectfully submitted,

WILLIAM M. GARDNER,
Secretary of State of the State of
New Hampshire, in his official capacity,

By and through his counsel,

JOSEPH A. FOSTER
Attorney General

Dated: December 12, 2014
/s/ Stephen G. LaBonte
Mary Ann Dempsey (NH Bar # 13123)
Senior Assistant Attorney General
Stephen G. LaBonte (NH Bar # 16178)
Assistant Attorney General
N.H. Department of Justice
33 Capitol Street
Concord, NH 03301
603-271-3650

**Certificate of Service**

      I hereby certify that on December 12, 2014, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system.

                                          /s/ Stephen G. LaBonte
                                          Stephen G. LaBonte

1128727