UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| **LEON H. RIDEOUT,** <br> **ANDREW LANGLOIS, and** <br> **BRANDON D. ROSS** <br><br> Plaintiffs, <br><br> v. <br><br> **WILLIAM M. GARDNER**, Secretary of State in his official capacity, <br><br> Defendant. | Civil Case No. 1:14-CV-00489-PB |

## SECRETARY OF STATE'S OBJECTION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

Defendant William M. Gardner, in his official capacity as Secretary of State for the State of New Hampshire the "Secretary of State by and through his counsel, the Office of the Attorney General, respectfully submits this objection to Plaintiffs' motion for summary judgment. In support of this motion the Secretary of State pleads as follows:

1. The Plaintiffs' contend that RSA 659:35 (I), as amended by HB 366 violates their First Amendment rights by prohibiting them from publishing a image of their marked ballot.

In support of these arguments, the Secretary of State submits as follows:

2. To the extent RSA 659:35, I, restricts speech, if at all, such restriction is content neutral, therefore the State may impose reasonable restrictions on the time, place and manner of otherwise protected speech. "[E]ven in a public forum the government may impose reasonable restrictions on the time, place, or manner of protected speech, provided the restrictions 'are justified without reference to the content of the regulated speech, that they are narrowly tailored to serve a significant governmental interest, and that they leave open ample alternative channels

1

for communication of the information.'" *McCullen v. Coakley*, 134 S. Ct. 2518, 2529 (2014) *citing Ward v. Rock Against Racism*, 491 U.S. 781, 791 (1989) (*quotation omitted*). "A regulation that serves purposes unrelated to the content of expression is deemed neutral, even if it has an incidental effect on some speakers or messages but not others." *Id.* A statute is content based if it requires an examination of the content of the message being conveyed to determine whether a violation has occurred. *McCullen*, 134 S. Ct. at 2531.

      3.      RSA 659:35 merely prohibits a voter from using his or her ballot as evidences of how he or she is about to vote or has voted. RSA 659:35, I. A violation of the statute is dependent on a voter's display of a marked regardless of how the voter has voted and requires no substantive examination of ballot. *See id.*

      4.      For the reasons set forth in the Memorandum of Law incorporated herein by reference and filed simultaneously with the Secretary of State's cross motion for summary judgment, the Court should deny Plaintiffs' motion for summary judgment.

WHEREFORE, the Secretary of State respectfully requests that this Court:

      A.      Deny the Plaintiffs' Motion for Summary Judgment;

      B.      Grant the Secretary of State's Cross Motion for Summary Judgment; and

      C.      Grant the Secretary of State such other relief as justice may require.

Respectfully submitted,

WILLIAM M. GARDNER,
Secretary of State of the State of
New Hampshire, in his official capacity,

By and through his counsel,

JOSEPH A. FOSTER
Attorney General

Dated: February 29, 2015 /s/ Stephen G. LaBonte
Anne M. Edwards (NH Bar # 6826)
Senior Assistant Attorney General
Stephen G. LaBonte (NH Bar # 16178)
Assistant Attorney General
N.H. Department of Justice
33 Capitol Street
Concord, NH 03301
603-271-3650

**Certificate of Service**

I hereby certify that a copy of the foregoing was electronically served by ECF this 29th day of April 2015 to:

William E. Christie                Gilles R. Bissonnette
Shaheen & Gordon, P.A.             NH Civil Liberties Union
107 Storrs Street                  18 Low Avenue
P.O. Box 2703                      Concord, NH  03301
Concord, NH  03302

/s/ Stephen G. LaBonte
Stephen G. LaBonte

3