UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| LEON H. RIDEOUT, ANDREW LANGLOIS, and BRANDON D. ROSS, <br><br> Plaintiffs, <br><br> v. <br><br> WILLIAM M. GARDNER, Secretary of State of the State of New Hampshire, in his official capacity, <br><br> Defendant | Civil Case. No. 1:14-cv-00489-PB |

## PLAINTIFFS' STATEMENT ON *REED v. TOWN OF GILBERT*

Plaintiffs submit their statement with respect to the United States Supreme Court's June 18, 2015 decision in *Reed v. Town of Gilbert*, 576 U.S. ___ (2015).

*Reed* concerned a First Amendment challenge to the Town of Gilbert's Sign Code, which set forth a comprehensive scheme regulating the placement of outdoor signs. *See Reed*, slip op. at 1-2. That Code subjected certain signs—such as the "directional signs" that the *Reed* plaintiffs wished to post to advertise the time and location of their weekly religious services—to more stringent regulation than other types of outdoor signs—such as those "designed to influence the outcome of an election" or "communicat[e] a message or ideas for noncommercial purposes." *Id.* at 2-3. The principal question presented was whether this differential treatment of signs based on their different messages was a content-based speech restriction to which strict scrutiny must be applied.

The *Reed* Court held that it was. The Court first explained that, irrespective of the motive behind a law, a law is content based "on its face" if it "defin[es] regulated speech by particular

subject matter" or by "function or purpose." *Id.* at 6 (internal quotation marks omitted). Importantly, the Court held that where, as in *Reed*, a law is content based "on its face," courts "have no need to consider the government's justifications or purposes for enacting [it] to determine whether it is subject to strict scrutiny." *Id*. at 7. It simply is. *See id.* at 8 ("A law that is content based on its face is subject to strict scrutiny ….").

The *Reed* decision cannot be reconciled with, and thus has superseded, the First Circuit Court of Appeals' decision in *Thayer v. City of Worcester*, 755 F.3d 60 (1st Cir. 2014). In *Thayer*, the First Circuit reasoned that "[e]ven a statute that restricts only some expressive messages and not others may be considered content-neutral when the distinctions it draws are justified by a legitimate, non-censorial motive." 755 F.3d at 68. For example, according to the First Circuit, even though Worcester's anti-panhandling ordinance criminalizes only certain solicitations (e.g., those asking for an immediate donation or transaction) and not other solicitations (e.g., those asking for directions, a signature on a petition, or a future donation), the law was not content based because it has the "non-censorial" purpose of shielding people in public from the discomfort and apprehension of unwelcomed solicitations. *Id.* at 68-69.

*Reed* flatly rejected this reasoning in *Thayer*.[1] *Reed* explains that "[a] law that is content based on its face is subject to strict scrutiny regardless of the government's benign motive, content neutral justification, or lack of 'animus toward the ideas contained' in the regulated speech." *Reed*, slip op. at 8 (quoting *Cincinnati v. Discovery Network, Inc*., 507 U.S. 410, 429 (1993)). The Court expressly disapproved as "incorrect" any suggestion "that a government's purpose is relevant even when a law is content based on its face." *Id.* at 9; *see also id.* ("[W]e have repeatedly considered whether a law is content neutral on its face *before* turning to the law's

---

[1] As this Court knows, a petition for certiorari before the United States Supreme Court has been filed in *Thayer*. Presumably in light of *Reed*, *Thayer* has been distributed for the Supreme Court's Thursday, June 25, 2015 conference occurring today. *See* http://www.supremecourt.gov/search.aspx?filename=/docketfiles/14-428.htm.

justification or purpose.") (emphasis in original). The Court further explained that "strict scrutiny applies *either* when a law is content based on its face *or* when the purpose and justification for the law are content based." *Id.* (emphasis added). Put another way, a "censorial" purpose is sufficient, but not necessary, to deem a law content based. There is good reason for this rule: "Innocent motives do not eliminate the danger of censorship presented by a facially content-based statute, as future government officials may one day wield such statutes to suppress disfavored speech." *Id.* at 10.

With the Court's decision in *Reed*, there can no longer be any doubt that RSA 659:35(I) is a content-based law to which strict scrutiny must be applied. RSA 659:35(I) is content based because, on its face, it prohibits the revelation of specific content on a ballot—namely, a marking indicating how a voter actually "has voted." A ballot omitting this content is not subject to the law's prohibitions. For example, a voter would not run afoul of the law by displaying online a photograph of an unmarked ballot with the handwritten text in the margin: "I support Barack Obama." But a voter would run afoul of the law by displaying online a photograph of a ballot with content indicating that Barack Obama was specifically marked as the voter's choice. To determine whether either of these messages actually violates RSA 659:35(I) would require a government official to specifically review the contents of the photographed ballot itself.

*Reed* also defeats the State's argument that RSA 659:35(I) is content neutral because its prohibition does not depend on "how the ballot is marked." *See* State's Memo at 9. The State's argument here conflates viewpoint discrimination with distinctions based on content. As the *Reed* Court took pains to specify: "[A] speech regulation targeted at specific subject matter is content based even if it does not discriminate among viewpoints within that subject matter. For example, a law banning the use of sound trucks for political speech—and only political speech—would be a content-based regulation, even if it imposed no limits on the political viewpoints that could be

3

expressed." *See Reed*, slip op. at 12. Thus, it does not matter whether the law "target[s] viewpoints within [the regulated] subject matter": if it "singles out specific subject matter for differential treatment," then it is "a paradigmatic example of content-based discrimination," which must survive strict judicial scrutiny. *Id.* Like the restriction in *Reed*, RSA 659:35(I) "singles out specific subject matter for differential treatment"—i.e., a voluntary display of a marked ballot showing how a voter "has voted"—even though the law does not target viewpoints within that subject matter. *See id.* Thus, it is consequently "a paradigmatic example of content-based discrimination," *id.*, no matter what benign motives the State claims to have had for its adoption. Under *Reed*, RSA 659:35(I) must be subjected to strict scrutiny review. *See id.* at 8. And, as explained in Plaintiffs' prior submissions, RSA 659:35(I) fails not only under strict scrutiny review, but also under intermediate scrutiny review. *See McCullen v. Coakley*, 134 S. Ct. 2518 (2014).

Respectfully submitted,

LEON H. RIDEOUT, ANDREW LANGLOIS, and BRANDON D. ROSS,

By and through their attorneys affiliated with the American Civil Liberties Union of New Hampshire Foundation,


*/s/ Gilles R. Bissonnette*
Gilles R. Bissonnette (N.H. Bar. No. 265393)
AMERICAN CIVIL LIBERTIES UNION OF NEW HAMPSHIRE
   FOUNDATION
18 Low Avenue
Concord, NH  03301
Tel.:  603.224.5591
Gilles@aclu-nh.org

William E. Christie (N.H. Bar. No. 11255)
SHAHEEN & GORDON, P.A.
107 Storrs Street
P.O. Box 2703
Concord, NH  03302
Tel.:  603.225.7262
wchristie@shaheengordon.com

Dated:    June 25, 2015

## **CERTIFICATE OF SERVICE**

      I, Gilles Bissonnette, hereby certify that a copy of the foregoing document, filed through the CM/ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                                      */s/ Gilles Bissonnette*
                                      Gilles Bissonnette